## Case No. 11,221.

### PLATT v. STEWART et al.

[11 N. B. R. 191.] [1]

District Court, S. D. New York. 1875.

BANKRUPTCY—SHERIFF'S FEES—PRIOR EXECUTIONS.

1. The sheriff is entitled to compensation for services rendered by him under executions issued against the bankrupt before the commencement of proceedings in bankruptcy, out of the proceeds of the personal estate; such compensation not to exceed the fees legally taxable under the laws of the state of New York.

2. No compensation can be allowed in respect to executions issued subsequent to the filing of the petition in bankruptcy.

[This was a proceeding by John H. Platt against Alexander T. Stewart and others.]

D. McMahon, for plaintiff.
J. S. Smith, for ex-sheriffs.

BLATCHFORD, District Judge. The referee reports that inasmuch as the decree declares that the three judgments recovered by the Merchants' National Bank of Lowell, and the executions issued thereon, are not liens upon the proceeds of the personal estate on deposit, he is precluded from allowing any compensation out of that fund to ex-Sheriff Kelly, for the services rendered by him under those executions. The referee was, in substance, directed by the decree to ascertain and report what would be a reasonable compensation to Mr. Kelly for his levy and services under such of those executions as were issued before the petition was filed, notwithstanding the declaration previously made in the decree, that the judgments and executions are not liens on such proceeds. This matter was considered by the court in framing the decree, and it was intended that Mr. Kelly should be compensated in like manner as if the decree had declared that the judgments and executions are liens on such proceeds. It is true that the amount of such compensation ought not to exceed, nor was it intended that it should exceed, the fees legally taxable under the laws of the state of New York, on the executions, in respect of the levy and services, when the levy was made and the services were rendered, and so legally taxable in respect of the property on which the levy was made, and in respect of which, under the levy, the services were rendered.

I concur in the conclusion of the referee, that no compensation is due to ex-Sheriff O'Brien out of the fund on deposit, in respect of the executions on the judgments recovered by the Bank of Dansville; and in his conclusion that ex-Sheriff Brennan can have no claim for compensation out of such fund, in respect of executions issued subsequent to the filing of the petition in bankruptcy. As to such of the seventeen executions issued to ex-Sheriff Brennan prior to March 27th, 1871, as were issued before the petition was filed, the referee reports that inasmuch as the de-

cree declares that such executions and the judgments on which they were issued are not valid liens on the proceeds on deposit, he is precluded from allowing any compensation whatever to Mr. Brennan out of the fund for his services under those executions. The same observations apply to this matter as to the case of Mr. Kelly.

The case is referred back to the referee for a further report after further proceedings, in conformity with this decision.